**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** PERCY WILLIAMS | Case No. 19-32812 <br> Chapter 13 |
| DEBTOR(S), | Judge A. Benjamin Goldgar (Lake County) |

**AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT**

**THIS CAUSE** coming on to be heard on the motion of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-HE2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE2 (hereinafter, "Creditor"), for property located at 1634 Lincoln Street, North Chicago, IL, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1. The parties have agreed to repay the following post-petition default pursuant to the terms of this order:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| a. | Mortgage Payment(s) | (3/1/20 – 6/1/20) | 4 | payments @ | $580.84 | = | $2323.36 |
| b. | Late Charges | | | charges @ | $ | = | $ |
| c | NSF Fees (if any) | | | | | | $ |
| d. | Bankruptcy Fees/Costs | ($150 Plan Review, $700 POC, $250 POC Pay History, $550 Objection to Plan) | | | | | $1650.00 |
| e. | Other Amounts (if any) | | | | | | $ |
| | | | | | SUB TOTAL | | $3973.36 |
| f. | Less amount received (if any): | | | | | | (-$         ) |
| g. | Less amount in suspense (if any) | | | | | | (-$421.48) |
| | Total Amount to be Repaid through this order | | | | | | $3551.88 |

2. That Creditor must receive the following payments by the corresponding dates:

   a. $591.98    plus the    July, 2020 post-petition mortgage payment on or before July 31, 2020;

  b. <u>$591.98</u> plus the August, 2020 post-petition mortgage payment on or before August 31, 2020;

  c. <u>$591.98</u> plus the September, 2020 post-petition mortgage payment on or before September 30, 2020;

  d. <u>$591.98</u> plus the October, 2020 post-petition mortgage payment on or before October 31, 2020;

  e. <u>$591.98</u> plus the November, 2020 post-petition mortgage payment on or before November 30, 2020;

  f. <u>$591.98</u> plus the December, 2020 post-petition mortgage payment on or before December 31, 2020;

3. That Creditor must receive the payments listed in Paragraph #2 on or before the corresponding date. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

4. That upon completion of the repayment schedule of paragraph #2 or tender of funds to bring the loan post-petition current under paragraph #3, the Debtor must continue to make "timely" post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

5. That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

6. That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

7. Creditor's post-petition bankruptcy fees and costs are allowed and may be added to the indebtedness secured by the subject mortgage. These fees and costs have been included in the repayment schedule described herein. Creditor will file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for any fees, expenses and charges included in this Order;

8. In the event that Creditor should have to send out any Notices of Default, Creditor may include up to $100 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice;

9. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against Debtors.

ENTER:

DATED: __July 10, 2020__

_____
UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Karl V. Meyer ARDC#6220397
Grant W. Simmons ARDC#6330446
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**File No. (14-19-11159)**